**The Law Office of Barry D. Haberman**
Barry D. Haberman, Esq.
254 South Main Street, #404
New City, New York 10956
845-638-4294
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| DW TRUMP, INC., | : | CHAPTER 11 |
| | : | Case No. 22-22628-shl |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |

**AFFIRMATION IN OPPOSITION TO MOVANT'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

TO:   **HON. SEAN H. LANE, U.S. BANKRUPTCY JUDGE**

**DW TRUMP, INC.**, ("**Debtor**"), by their attorney, Barry D. Haberman, Esq., respectfully submits the within ("**Opposition**") to the Motion by 1Sharpe Income Fund LP "(**Movant**") said Movant seeking an Order of the Court to o pay certain alleged post-petition administrative claims to the Funds.  The Debtor respectfully represents;

**BACKGROUND**

1.   On August 18, 2022 (the "**Petition Date**"), DW Trump, Inc. ("**Debtor**") commenced their Chapter 11 case (the "**Case**") by filing a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "**Code**").  Pursuant to §§1107(a) and 1108 of the Code, the Debtor continues to operate as debtor-in-possession.  No trustee has been appointed.  No official committee of unsecured creditors has been appointed.

2.   On September 1, 2022, the Debtor filed its Schedules (Doc. 7).

3.  The Debtor's Schedule D referenced the alleged claim of the Movant as "disputed" See Doc. 7 (Schedule D)(relevant portion attached herein as Exhibit 1).

4.  On April 11, 2023 the Court entered an Order ("**Bar Date Order**") setting May 17, 2023 as the bar date by which proofs of claim must be filed. (Doc.

5.  The Bar Date Order specifically stated, "that the following persons or entities need not file a Proof of Claim on or prior to the Bar Date… (2) Any person or entity whose claim is listed on the Schedule of Assets and Liabilities filed by the Debtor (collectively, the "Schedules"), [docket Entry No. 7], if (i) the claim is not scheduled as "disputed", "contingent" or "unliquidated"; and (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules"

6.  On April 11, 2023 the Debtor served the Bar Date Order on 1Sharpe Income Fund LP ("**1Sharpe**")(the Movant herein).

7.  1Sharpe (the Movant) did not file a Claim (and still has not filed a Claim)

8.  The time for Isharpe (the Movant) to file a Claim has long since expired.

9.  Pursuant to the Bar Date Order, "a holder of a Claim that fails to comply with this Order by timely filing of a Proof of Claim in appropriate form shall not be treated as a Creditor with respect to that Claim for purpose of voting and distribution"

10. As of the date of the most recent Court Conference (November 9, 2023) the movant had not appeared.

11. On November 9, 2023, your Affirmant appeared at a Court Conference on behalf of the Debtor wherein it was represented to the Court and the United States Trustee that the Debtor would be filing a proposed Disclosure Statement and Plan, seeking a return date for same on

2

December 21, 2023. No objection was raised. There was no discussion of any type that the Debtor failed to comply with any filing requirements.

12. The Debtor has provided the Movant adequate protection by making all interest payments on the alleged mortgage debt since the inception of the bankruptcy.

13. Copies of the record reflecting all payments are attached herein as Exhibit 2.

14. The Debtor filed the proposed Disclosure Statement and Plan on November 22, 2023, with same notice for a Hearing on December 21, 2023. (Doc. 45)

15. The instant Motion by the Movant was filed on November 28. 2023 (Doc. 47), six (6) days after the filing of the proposed Disclosure Statement and Plan.

## LEGAL ARGUMENT

16. This motion raises the question of a purported creditor (the movant) who having failed to file a Claim as required by the Bar Date Order (and thus, pursuant to Bankruptcy Rules 3002 and 3003 is barred from being considered a creditor of the Estate or able to receive distributions from the Estate) seeking to vacate the automatic Stay to obtain relief that it would be barred from receiving in Bankruptcy Court.

17. Here it is undisputed that the Movant failed to file a Claim on or by May 17, 2023 as required by the Bar Date Order (and as stated above, has never filed a Claim). By the express provisions of the Bankruptcy Rules, the Movant herein is not treated as a creditor and is not entitled to a distribution of the Estate. It would thus appear that the Movant has no cognizable interest at law in this Estate.

18. "Bankruptcy Rule 3002 provides that '[a] secured creditor, unsecured creditor, or equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and 3005.' 20 FED. R. BANKR. P.

3

3002…Bankruptcy Rule 3003, which deals with the filing of a proof of claim in a chapter 9 or a chapter 11 case, explicitly states that: Any creditor ... whose claim or interests is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest ...; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purpose of voting and distribution." In re Motors Liquidation Co., 591 B.R. 501, 516 (Bankr. S.D.N.Y. 2018)

19. "EIF's failure to file a proof of claim in MarketXT's Chapter 11 case is thus fatal to its demand to share in the proceeds of the litigation. The 'bar date order' entered in the Chapter 11 case required all creditors with secured or unsecured, contingent or fixed, liquidated or unliquidated claims to file a proof of claim by a date certain. This order was binding on EIF as an alleged lienholder, whose claims do not 'ride through' a Chapter 11 case in the face of a valid bar order. *See Liona Corp. v. PCH Assocs*. (In re PCH Assocs.), 949 F.2d 585, 605 (2d Cir. 1991) (a Chapter 11 secured creditor whose claim is not scheduled or whose claim is characterized as disputed, contingent or unliquidated must file a proof of claim to preserve its rights); see also 11 U.S.C. § 1111(a); Fed. R. Bankr. P. 3003(c)(2). EIF's failure to file a claim is fatal to its pretensions to have a continuing participation in the existing Claims. See *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995); *In re Best Products Co*., 140 B.R. 353, 357 (Bankr. S.D.N.Y. 1992) In re Marketxt Holdings Corp., 336 B.R. 67, 71 (Bankr. S.D.N.Y. 2006)

20. "To participate in a distribution from the debtor's estate, a creditor must generally file a proof of claim—a written statement setting forth the creditor's claim. See *In re Old Carco LLC* , 2013 WL 1856299, at *3 (Bankr. S.D.N.Y. May 2, 2013) (holding that a party was barred from asserting a claim against the debtor's estate because of his failure to file a proof of claim); *E\*Trade Fin. Corp. v. MarketXT Holdings Corp. (In re MarketXT Holdings Corp.)*, 336 B.R. 67,

4

72 (Bankr. S.D.N.Y. 2006) (stating that a party's 'failure to file a claim is fatal to its pretensions to have a continuing participation in existing Claims'). Only filed 'allowed claims' are entitled to distribution. See FED. R. BANKR. P. 3021 (stating that 'distribution shall be made to creditors whose claims have been allowed ....'); see also *In re Nutri\*Bevco, Inc.*, 117 B.R. 771, 778 (Bankr. S.D.N.Y. 1990) (holding that parties that do not have 'allowed claims against the Chapter 11 estate' were not entitled to receive a distribution under a chapter 11 plan of reorganization)" In re Motors Liquidation Co., at 515.

21. As will be explained in greater detail below, the Debtor opposes all relief sought by the Movant. Denial of the relief sought by the Movant is required to protect the Estate of the Debtor, to prevent evisceration of the Debtor's Estate so that the Debtor herein can maximize the value of its real property interests, have sufficient wherewithal to satisfy legitimate Claims against the Estate (Creditors that actually filed Claims).

**BURDEN OF PROOF**

22. In relevant portion, 11 U.S.C. § 362(d) states:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property

of such party in interest;

23. "With respect to section 362(d)(1), the movant must make an initial showing that 'cause' exists for relief from stay, and once this is established, then the burden of proof shifts to the debtor on all other issues under section 362(g). *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990). 'If the movant fails

5

to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection.' *Id*. The term 'cause' under section 362(d)(1) is not defined by the Bankruptcy Code. Courts have recognized what constitutes 'cause' to be 'a broad and flexible concept that must be determined on a case by case basis.' *In re AMR Corp.*, 485 B.R. 279, 295 (Bankr. S.D.N.Y. 2013) (*citing Spencer v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002))." In re Ideal Mortgage Bankers, Ltd., Case No. 10-79280-las (Bankr. E.D.N.Y. October 14, 2015)

24. In the within proceeding, the Movant does not allege lack of adequate protection, the Movant's entire motion relies upon the timing of the filing of the proposed Disclosure Statement and Plan.

25. As represented above, the Debtor appeared for a Court Conference on November 7, 2023. The Debtor represented to the Court that a proposed Disclosure Statement and Plan would be filed and that the Debtor would seek a hearing on same on December 21, 2023. No objection was raised by the United States Trustee or the Court. There was no discussion of any impending deadlines. What was discussed was the failure of Isharpe (now the Movant) to appear or otherwise contact your Affirmant and the record reflects that (as of November 7, 2023) the Movant had not filed a Notice of Appearance or filed a Claim (and as discussed above, the Movant still has not filed a Claim).

26. It is acknowledged that there were two (2) extensions of time to submit a proposed Disclosure Statement and a Plan. Here, the Movant failed to file a Claim by the Bar Date, May 17, 2023, a date prior to the expiration date of the second extension. Thus prior to the end date of the second extension, the Movant's purported interest as a Creditor and/or Distributee of the Estate had been extinguished (See Bankruptcy Rules 3002 and 3003.)

## LACK OF CAUSE

27. Movant relies on 11 U.S.C. § 1112(B)(4)(J) "for cause". Due to the Movant's failure to file Claim pursuant to the Court's Bar Order, this case is one of unusual circumstances where the Court can use its discretion to permit the filing of the proposed Disclosure Statement and Plan to go forward to Confirmation.

28. "Section 1112(b) of the Bankruptcy Code mandates the bankruptcy court, after notice and a hearing, to convert or dismiss a chapter 11 case, if the movant establishes one of the enumerated bases for cause by a preponderance of the evidence pursuant to section 1112(b)(4) and the case is devoid of unusual circumstances pursuant to 11 U.S.C. §1112(b)(2). Section 1112(b)(1) and (2) provide, in pertinent part: (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate. (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that - (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph 4(A)—(i) for which there exists a reasonable justification for the act or omission; and

(ii) that will be cured within a reasonable period of time fixed by the court.' 11 U.S.C. §1112(b)(1) and (b)(2)." In re Destileria Nacional, Inc., CASE NO. 20-01247 (ESL) at page 14 (Bankr. P.R. Jun 21, 2021)

29.    Here, the Debtor filed the proposed Disclosure Statement and Plan after the expiration of the Movant's time to file a Claim and after several appearances subsequent to the end date of the Second Extension. The United States Trustee and the Court were informed of the Debtor's planned filing of the proposed Disclosure Statement and Plan on November 7, 2023.

30.    The Plan is confirmable, as the Debtor will fund the Plan prior to the Confirmation Hearing. All Creditors that properly filed Claims will be paid in full. As to justification for filing after the expiration date of the Second Extension, the Debtor relied upon the fact that the Movant had failed to file a Claim, and thus was (and is) precluded from asserting an interest as a creditor in the Plan or receiving a distribution from the Plan (or estate).

31.    The within history is clearly unusual, a purported secured creditor (the Movant) fails to file a Claim. The Movant first files a Notice of Appearance approximately 16 months after the Petition date. The only substantive filing of the Movant is to derail the Debtor's proposed Disclosure Statement and Plan, which due to the Movant's failure to file a Claim, the Movant is barred from participating in. (And the Movant's failure to abide by the Court's Bar Date Order occurred prior to the expiration of the Second Extension and prior to the filing of the proposed Disclosure Statement.)

## CONCLUSION

32. **WHEREFORE,** the Debtor respectfully seeks an Order of this Court denying the Movant all requested relief together with such other and further relief as the Court deems just and necessary.

Dated: New City, New York
December 14, 2023

/s/ Barry D. Haberman
BARRY D. HABERMAN, ESQ.
Attorney for the Debtor
DW TRUMP, INC.
254 South Main Street, #404
New City, New York 10956
845-638-4294
bdhlaw@aol.com