**Silverman Law PLLC**
Brett S. Silverman, Esq.
4 Terry Terrace
Livingston, New Jersey 07039
brett@getconciergelaw.com
646.779.7210

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------X
In re:

DW TRUMP, INC.,                                    Case No. 22-22628 (SHL)

                Debtor.                    Chapter 11
-------------------------------------------------X

### REPLY TO DEBTOR'S RESPONSE
### TO LENDER'S MOTION RELIEF FROM AUTOMATIC STAY

    1Sharpe Income Fund LP (together with any successor and/or assign, "**Movant**"), by and through its undersigned counsel, Silverman Law PLLC, hereby reply to the response (the "**Response**") by DW Trump, Inc., the above-captioned debtor (the "**Debtor**") to Movant's motion for relief from the automatic stay filed with this Court (the "**Motion**"). In further support of this reply, Movant respectfully avers as follows (this "**Reply**"):

    Movant relies on the facts set forth in the Motion and will not repeat them herein, and respectfully refers the Court and all other parties in interest to the Motion. Moreover, all capitalized terms used but not otherwise defined in this Reply shall carry the same meanings ascribed to them in the Motion.

### REPLY

    1.    In the Response, the Debtor makes several statements, however, none of them address the issues raised in the Motion, which are: (1) that the Debtor's failure to obtain an order granting the Second Extension Motion prior to the passage of the Plan Deadline is fatal to the

Debtor's ability to confirm a plan; and thus (2) that such fatal mistake rises to the level of "cause" upon which the Motion should be granted.

2. Regardless of whether a claim was filed by Movant or when Movant decided to participate in this Bankruptcy Case, nothing in the Bankruptcy Code prevents Movant from bringing and prosecuting the Motion.

3. Bankruptcy Code §362(d)(1) provides that:

> ***On request of a party in interest*** and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> **(1)** for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. §362(d)(1).

4. Yes, the Movant did not file a proof of claim prior to the bar date. However, there is no requirement for the Movant to have filed a proof of claim in this case, and failure to file a claim does not make the Movant any less of a party in interest in this Bankruptcy Case. "A lien that secures a claim against the debtor is not void due only to the failure of any entity to file a proof of claim." Fed. R. Bankr. Pro. 3002(a).

5. Yes, the Movant did not participate in this Bankruptcy Case until it filed its notice of appearance, however, Movant, while not filing a "proof of claim," is still deemed a "party in interest," entitled to seek relief from the automatic stay under Bankruptcy Code §362(d).

6. As is more fully set forth in the Motion, and is confirmed in the Response, the Debtor did not obtain an order extending the Plan Deadline, despite numerous appearances before the Court.

7. Interestingly enough, and not surprising to Movant, it is what is not said by the Debtor in the 9 pages (32 paragraphs) of the Response that is telling – which is that the Debtor failed to provide any argument or legal authority (of any kind) which allows this Court to circumvent the plain meaning of Bankruptcy Code §1121(e), and thus, allow the Debtor to move to confirmation of a plan of reorganization.

8. As set forth in the Motion, "[t]he terms of 11 U.S.C. § 1121(e) appear very simple: in a small business bankruptcy case, the debtor has 180 days of exclusivity and ***300 days before which to hit the 'drop dead date,' after which the debtor may no longer file a bankruptcy plan***." *In re Shea*, 545 B.R. 529, 536-537 (Bankr. S.D.Tex. 2016)(emphasis supplied); *see also In re Communs., Inc*., 420 B.R. 160, 165 (Bankr. S.D.N.Y. 2009)(The small business debtor must file its plan and disclosure statement, if any, not later than 300 days after the order for relief.); *In re 250 Pixley Rd., LLC*, 2018 Bankr. LEXIS 765, at *1 (Bankr. W.D.N.Y. 2018); *In re Simbaki, Ltd*., 522 B.R. 917, (Bankr. S.D.Tex. 2014).

9. When analyzing the deadline provisions of Bankruptcy Code §1189, the bankruptcy court in *In re Online King LLC* stated that:

> ***The lack of a date certain by which a motion under § 1189(b) must be made is a notable contrast to the timing of a motion for an extension of a debtor's time to file a plan in a non-small business chapter 11 case (i.e., a regular chapter 11 case) or in a non-subchapter V small business case***. Compare 11 U.S.C. § 1189(b), with id. § 1121(d)(1) ("[O]n request of a party in interest made within the respective periods [*347] specified in subsections (b) and (c) of this section . . . the court may for cause reduce or increase the 120-day period or 180-day period referred to in this section." (emphasis added)), and id. § 1121(e)(3)(C) (stating that the time period in which the debtor may file a plan may be extended only if, inter alia, "the order extending time is signed before the existing deadline has expired" (emphasis added)).

*In re Online King LLC*, 629 B.R. 340, 346-347 (Bankr. E.D.N.Y. 2021)(emphasis added); *see In re Excellance 2000*, 636 B.R. 475, 478-479 (Bankr. S.D. Tex. 2022)( Section 1121 also provides that in a small business case, a court may extend the plan filing deadline ***"only if . . . the order extending time is signed before the existing deadline has expired."***) (emphasis added); *In re Majestic Gardens Condo. C Ass'n*, 637 B.R. 755, 755 (Bankr. S.D. Fla. 2022)("11 U.S.C.S. § 1189(b) does not specify whether an extension can be granted after the deadline expires, but other bankruptcy courts have concluded it can. The Court agrees. Where the Bankruptcy Code prevents retroactive extensions, it is often explicit. ***For example, to extend the time to confirm a standard small business debtor's Chapter 11 plan, the order granting the extension must be signed before the existing deadline has expired. 11 U.S.C.S. § 1121(e)(3)(C). The absence of similar language in § 1189(b) suggests there is no such limitation to granting retroactive extensions of the deadline to file a Subchapter V plan.***") (emphasis added)

10.    In a case that is similar to the facts here, in *In re Doug Larsen Constr., Inc.*, the bankruptcy court found that:

> ***As the party seeking relief from the deadline, it was incumbent upon Debtor to ensure an order came before the Court for signature before the existing deadline expired. Debtor failed to do so and must now bear the consequences under the Code that flow from its inaction***. The language of § 1121(e)(3)(C) clearly requires the order extending time be signed before the existing deadline expires in order to extend time for confirming a plan under § 1129(e). That did not occur here. ***The statutory language is plain and thus must be enforced according to its terms. See Lamie v. United States Tr., 540 U.S. 526, 534, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004); Roots Rents, 420 B.R. at 34.5*** Because an order extending time was not signed before April 11, 2012, ***the time for Debtor to confirm its plan under § 1129(e) was never effectively extended in the first instance. Debtor's Second Extension Motion is therefore rendered moot***.

*In re Doug Larsen Constr., Inc.*, 2012 Bankr. LEXIS 2997, *7 (Bankr. D. Idaho 2012) (emphasis added).

11. The *Doug Larsen* court then concluded that:

"Based on the Court's foregoing conclusions regarding the failure to extend the time for confirming a plan in this small business case, the Court determines that approval of the Amended Disclosure Statement should be denied. Because Debtor's plan cannot be confirmed given the requirements of § 1129(e), there would be no utility to approving the Amended Disclosure Statement. Approval of the Amended Disclosure Statement will therefore be denied."

*Id.* at *7; *see also In re Roots Rents, Inc.*, 420 B.R. 28, 37 (Bankr. D. Idaho 2009)("Second, the plain language of § 1121(e)(3)(C) requires the order be obtained before the period expires. *In re Caring Heart Home Health Corp.*, 380 B.R. 908 (Bankr. S.D. Fla. 2008) (denying a debtor's request for a nunc pro tunc extension when the requirements of § 1121(e)(3) were not satisfied, finding that failure to meet the pre-deadline order requirement of § 1121(e)(3)(C) is "conclusive" on the issue of whether extension can be granted). Here, Debtor did not request an extension, and the Court did not enter an order, before the 45-day period ran from the filing of Debtor's March 15 Plan"); *In re Viridia, LLC*, 2016 Bankr. LEXIS 2081, *2 (Bankr. D. W.V. 2016) ("There are attendant burdens borne by debtors, the United States Trustee, and the court alike to ensure streamlined and effective management. *See In re Sanchez*, 429 B.R. at 398. For example, the 180-day exclusivity period "may be extended only if" the three requirements of 11 U.S.C. § 1121(e) are satisfied. Included among those requirements is that "the order extending time is signed before the existing deadline has expired." 11 U.S.C. § 1121(e)(3)(C)").

12. Whether intended or not, failure to obtain an order granting the Second Extension Motion prior to the passage of Plan Deadline is a fatal and unrecoverable mistake to the Debtor's ability to reorganize. More importantly, is that the Debtor knows this to be true, because none of

the 32 paragraphs of the Response were dedicated to, or provide in any manner, any iota of legal authority to (i) rebut this fatal mistake or (ii) find a path to allow the Court to deviate from the provisions of Bankruptcy Code §1121(e) under any circumstances.

13. Just because the Debtor attended hearings and notified the Court of its intent to file a plan, and just because there was no objection from the Court, the UST or anyone else at the time, does not provide remedy or undue the Debtor's failures here, and, moreover, does not provide any window or opportunity for the Court to rewrite Bankruptcy Code §1121(e) or circumvent Congresses intention when drafting that section, which was hard and true deadlines for "small business debtors".

14. The Debtor is a self proclaimed "small business debtor," as such it knowingly signed up for all of the restrictions and deadlines imposed on a "small business debtor" under the Bankruptcy Code, including Bankruptcy Code § 1121(e).

15. The statute is clear, Congressional intent in writing the statute is clear, and the legal authority interpreting the statute is clear and universally aligned in the fact that Bankruptcy Code §1121(e), and the deadlines set forth therein, are hard and must be strictly adhered to. Therefore, passage of the Plan Deadline in the absence of an entered order granting the Second Extension Motion is a fatal and unrecoverable mistake be the Debtor, regardless of the effect on the Debtor or whether it could put forth a confirmable plan.

16. Bankruptcy Code §362(d)(1) requires "cause" to lift the automatic stay. The Motion and this Reply demonstrate that the Debtor's failure to strictly adhere to Bankruptcy Code §1121(e) is clear evidence of "cause". Nothing in the Response rebuts the "cause" demonstrated by Movant, notwithstanding all of the "red herring" arguments meant to divert the Court's attention from the errors the Debtor committed.

17. As set forth in the Motion, if failure to comply with §1121(e) is sufficient "cause" for conversion or dismissal, it follows that such failure should be more than sufficient "cause" for granting relief from the automatic stay.

18. The fact of the matter is that Movant is entitled to relief from the stay as requested in the Motion.

19. Therefore, as more fully set forth in the Motion, the Court must grant the Motion in its entirety together with such other relief as the Court deems just and proper.

Dated: Livingston, New Jersey
December 15, 2023

**Silverman Law PLLC**
*Counsel to Movant*

*s/ Brett S. Silverman*
Brett S. Silverman